1

2                        **UNITED STATES DISTRICT COURT**

3                              **DISTRICT OF NEVADA**

4                                      * * *

NEIL C. ANDRUS,                        )
5                                      )
                    Plaintiff,         )
6                                      )        2:12-cv-00098-ECR -VCF
   v.                                  )
7                                      )        **O R D E R**
   D.R. HORTON, INC.,                  )
8                                      )
                    Defendant.         )
9    _____ )

10        Before the court is plaintiff Neil C. Andrus' Proposed Discovery Plan and Scheduling Order.

11   (#23).  Defendant D.R. Horton, Inc., filed an Objection (#24) and a Motion To Stay Discovery and for

12   Attorneys' Fees (#25).[1]  Plaintiff filed an Objection to defendant's Objection and a Request for Stay and

13   for Attorneys' Fees.  (#26).  On May 24, 2012, the court entered a minute order stating that, "as the

14   court is treating plaintiff's Objection (#26) as an Opposition to the Motion to Stay Discovery and for

15   Attorneys' Fees (#25), defendant's Reply is due on or before May 30, 2012."  (#27).  On May 30, 2012,

16   defendant filed a Reply in Support Of Its Request for Stay and Request for Attorneys' Fees.  (#28).

17   **Background**

18        On January 19, 2012, plaintiff Andrus filed his complaint against defendant D.R. Horton, Inc.,

19   alleging claims for (1) Violation of the Fair Labor Standards Act – Misclassification as an Independent

20   Contractor and (2) Violations of Nevada Deceptive Trade Practices Statutes – N.R.S. §§ 598.0915 et.

21   seq. and 598.0923 et. seq.  (#1).  On February 22, 2012, the parties filed a stipulation and order to

22   dismiss plaintiff's unfair trade practices claim (#8), which the court signed on February 27, 2012 (#9).

23   On March 9, 2012, defendant filed a motion to compel arbitration and a motion to stay proceedings.

24   _____

25        [1]  On May 8, 2012, defendant filed one document titled "Defendant's Objection to Plaintiff's Proposed
     Discovery Plan and Request for Stay; Request for Attorneys' Fees."  On May 11, 2012, the clerk separated the
26   document into two docket entries (#24 and #25) pursuant to Special Order 109.

1   (#12 and #13).  Defendant's motions are fully briefed (#17 and #22) and pending before this court.

2       On May 4, 2012, plaintiff Andrus filed a proposed discovery plan and scheduling order.  (#23).

3   Plaintiff asserts that he filed the discovery plan on his own because defendant D.R. Horton "has

4   determined that its Motion to Compel Arbitration and Stay Proceedings has alleviate[d] the need for a

5   26(f) conference or the filing of a discovery plan."  *Id.*  Plaintiff's discovery plan does not limit the

6   scope of discovery permitted.  *Id.*  On May 8, 2012, defendant D.R. Horton filed an objection to

7   plaintiff's proposed discovery plan and a request for stay and for attorneys' fees.  (#24 and #25).  On

8   May 23, 2012, plaintiff Andrus filed an opposition.  (#26).  Defendant filed a reply on May 24, 2012.

9   (#28).

10  **Motion To Stay and Request for Attorneys' Fees**

11      **A.    Arguments**

12      Defendant D.R. Horton asks this court to stay all pre-trial obligations, including discovery,

13  pending a decision on defendant's motions to compel arbitration (#12) and stay proceedings (#13).

14  (#24).  Defendant argues that a stay is warranted, because "[o]nce presented with a motion to compel

15  arbitration, the court's jurisdiction and, in turn, any discovery, is limited only to determining whether

16  the dispute is arbitrable."  *Id.*  Defendant asserts that courts in the Ninth Circuit regularly stay discovery

17  is similar situations "to ensure that parties seeking to enforce an arbitration agreement are not

18  irreparably harmed by the loss of the advantages of arbitration – speed and efficiency – while the

19  arbitration agreement is still being litigated."  *Id.*  Defendant asserts that the brief stay will not create

20  any harm or prejudice to either party.  *Id.*

21      Defendant also asks this court to award it $2,570 in attorneys' fees that it "has been forced to

22  incur" due to plaintiff's "untenable and unsupported position regarding discovery."  *Id.*  Defendant

23  argues that despite providing plaintiff with legal authority supporting its position that discovery is

24  premature in light of the pending motion to compel arbitration, plaintiff insisted on unilaterally filing

25  his proposed discovery plan and scheduling order.  *Id.*  If not for the filing of plaintiff's proposed

26                                          2

discovery plan, defendant argues that it would not have been forced to file its objection and request for stay. *Id.* Defendant asserts that the fees incurred in connection with filing its responsive pleadings totals $2,570 (one hour at $330 per hour and 8 hours at $280 per hour). *Id.*

Plaintiff Andrus asserts that defendant's objection should be overruled, because (1) plaintiff filed the discovery plan and scheduling order in accordance with the federal and local rules, (2) the rules require defendant's participation in a Rule 26(f) conference and joinder in the discovery plan, (3) defendant could have stated its objection to plaintiff's view of discovery in the discovery plan, and (4) if defendant sought a stay of discovery, it needed to file a motion to stay instead of refusing to participate in the filing of the discovery plan. (#26). Plaintiff also asserts that defendant's request for attorneys' fees is "completely without merit," as plaintiff's position regarding the requirement to file a discovery plan and scheduling order under the federal and local rules was not "untenable" or "unsupported." *Id.* Plaintiff argues that there was no automatic stay once the motion to compel arbitration was filed, and that the parties were required to proceed with the action until the court issued its ruling on either the motion to compel arbitration or the motion to stay discovery. *Id.*

In reply, defendant asserts that plaintiff did not offer for defendant to add its objection to the discovery plan or provide defendant with a draft copy of the discovery plan prior to filing it with the court. (#28). Defendant also asserts that the language in Rule 26(f) is mandatory only when the court has jurisdiction over discovery, and that since the action is subject to a mandatory arbitration clause, only the arbitrator has jurisdiction over this matter, including discovery. *Id.* Defendant argues that it has demonstrated that "serious and irreparable prejudice" (the loss of the advantages of arbitration) will result if the discovery is not stayed, but that plaintiff has not even argued how he will be prejudiced or harmed if discovery is stayed. *Id.* Defendant reasserts its position regarding attorneys' fees, and asks this court to award attorneys' fees incurred as a result of defendant having to "take additional measures to protect itself with what should have been an unnecessary second request for stay." *Id.*

. . .

**B.      Relevant Law/Discussion**

Federal Rule of Civil Procedure 26(f)(1) states that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." "The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan." Fed. R. Civ. P. 26(f)(2). The discovery plan must state, among other things, the parties' views and proposals on "the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues..." Fed. R. Civ. P. 26(f)(3)(B).

While a court is determining the issue of whether an action should be stayed and the parties compelled to arbitrate, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999)(citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *see also Sparking v. Hoffman Construction Co.,* 864 F.2d 635, 638 (9th Cir. 1988). "[D]iscovery and a full trial in connection with a motion to compel arbitration" is permitted under 9 U.S. § 4 only if "the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue." *Id* ; 9 U.S. § 4. To require the parties to proceed with the action pending a ruling on the motion to compel arbitration and any appeal thereof would cause the party seeking to enforce the arbitration clause to be "deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes." *Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984).

**C.      Discussion**

**1.      Staying Discovery**

Since plaintiff's discovery plan and scheduling order (#23) did not propose limiting the scope

4

of discovery to matters related to the "making and performance of the agreement to arbitrate," staying discovery pending a ruling on the motion to compel arbitration (#12) is warranted. *Simula, Inc.,* 175 F.3d at 726. If the motion to compel arbitration is granted and the "dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators..." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir.2002) (citing 9 U.S.C. § 7). It is in the interest of conserving the resources of the parties and the court to stay discovery in this action pending a determination of the motion to compel arbitration. *See Mundi v. Union Sec. Life Ins. Co.*, 2007 WL 2385069, at *6 (E.D. Cal.2007) (holding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

### 2.    Attorneys' Fees

The court finds that awarding attorneys' fees is not warranted, as defendant did not participate in the Rule 26(f) conference as required by the federal rules and would have needed to file a motion to stay regardless of whether plaintiff unilaterally filed the discovery plan and scheduling order.

Pursuant to Rule 26(f), the parties were jointly responsible for arranging a conference in order to confer in a good faith attempt to agree upon and file a discovery plan and scheduling order. Fed. R. Civ. P. 26(f). The parties were required to include in the discovery plan their views and proposals on whether discovery should be conducted in phases or be limited to or focused on particular issues. Fed. R. Civ. P. 26(f)(3)(B). Rule 26, therefore, provided the parties the opportunity to inform the court of their conflicting views on what discovery could be conducted pending the ruling on the motion to compel arbitration (#12). *Id.*

As evidenced by the cases defendant cited in support of its position regarding a discovery stay, there is no automatic discovery stay once a motion to compel arbitration is filed. *Coneff v. AT&T Corp*. 2007 WL 738612 (W.D. Wash. 2007)(motion for protective order); *Merrill Lync, Pierce, Fenner, & Smith Inc. v. Coors*, 357 F.Supp.2d 1277 (D. Colo. 2004)(motion to stay discovery); *Shappell v. Employers' Holdings, Inc.,* 3:09-cv-00236-RCJ-RAM, Doc #15 (D. Nev. Nov. 11, 2009)(motion to stay

all pre-litigation obligations, including discovery); *Stiener v. Apple Computer, Inc*. 2007 WL 4219388

*1 (N.D. Cal. Nov. 29, 2007)(motion to stay obligations under initial scheduling order); *Cunningham*

*v. Van Ru Credit Corpt*., 2006 WL 2056576 (E.D. Mich. July 21, 2006)(motion to stay discovery);

*Mundi,* 2007 WL 2385069 *1, *2 (motion to stay pending appeal).  Defendant was aware that it must

first file a motion and have that motion granted before it was relieved of its discovery obligations.  *Id.*

Accordingly, and for good cause shown,

IT IS ORDERED that defendant D.R. Horton, Inc.'s Objection (#24) to Plaintiff's Discovery

Plan and Scheduling Order (#23) is OVERRULED.

IT IS FURTHER ORDERED that Defendant D.R. Horton, Inc.'s Motion To Stay Discovery

(#25) is GRANTED.  Discovery in this action is STAYED pending the court ruling on the Motion to

Compel Arbitration (#12) and Motion To Stay Proceedings (#13).

IT IS FURTHER ORDERED that defendant D.R. Horton, Inc.'s Request for Attorneys' Fees

is DENIED.

DATED this 1st day of June, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**